IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
AT GALVESTON

| | | |
|---|---|---|
| JAMES W. ROCKOM, | § | AT LAW AND IN ADMIRALTY |
| | § | |
| Plaintiff, | § | CAUSE NO. 3:16-cv-117 |
| | § | |
| vs. | § | |
| | § | |
| SKANSKA INC., SKANSKA USA INC., | § | |
| NOVA GROUP, INC., and THE DUTRA | § | |
| GROUP, INC. | § | |
| | § | PLAINTIFF DEMANDS A |
| Defendants. | § | TRIAL BY JURY |

## PLAINTIFF'S ORIGINAL COMPLAINT

1.   COMES NOW, JAMES W. ROCKOM, hereinafter referred to as 'Plaintiff', complaining of SKANSKA INC., SKANSKA USA INC., NOVA GROUP, INC., and THE DUTRA GROUP, INC., hereinafter referred to as 'Defendants' and for cause of action would respectfully show as follows:

### I. JURISDICTION

2.   This is an action within the maritime jurisdiction of this Court. This claim is maintained under the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law of the United States.

### II. PARTIES

3.   Plaintiff is an American citizen and as an American seaman, he brings this action pursuant to the terms of Section 1916, Title 28, United States Code without the prepayment of costs or the necessity of depositing security therefor.

4.   Plaintiff, JAMES W. ROCKOM, is a resident of Poulsbo, Kitsap County,

1

Washington.

5. Defendant, SKANSKA INC., is a foreign corporation doing business in the Southern District of Texas. This Defendant may be served with due process herein by serving its designated agent for service in Texas, Corporation Service Company dba CSC – Lawyers Incorporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

6. Defendant, SKANSKA USA INC., is a foreign corporation doing business in the Southern District of Texas. This Defendant may be served with due process herein by serving its designated agent for service in Texas, Corporation Service Company dba CSC – Lawyers Incorporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

7. Defendant, NOVA GROUP, INC., is a foreign corporation doing business in the Southern District of Texas, and which has not designated an agent for service of process in the State of Texas. This Defendant may be served with due process herein by serving the Secretary of State for the State of Texas. This Defendant's address is 185 Devlin Road, Napa, California 94558.

8. Defendant, THE DUTRA GROUP, INC., is a foreign corporation doing business in the Southern District of Texas. This Defendant may be served with due process herein by serving its designated agent for service in Texas, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III. FACTS

9. Plaintiff, JAMES W. ROCKOM, would show that this lawsuit has become necessary as a result of personal injuries sustained on or about November 25, 2015. On said date, plaintiff sustained injuries during the course and scope of his employment as a captain.

Specifically, plaintiff was ordered to move a barge with the M/V ELBERT LEWEY push boat in adverse weather conditions. As the operation was underway, a wave picked up the stern of the M/V ELBERT LEWEY and slammed it down under the rake of the barge. As a result of the impact, plaintiff was thrown forward and lost his balance, sustained injuries to his back and other parts of his body.

10. The occurrence at issue took place at the United States Naval Base Kitsap Bangor in Kitsap County, Western District of Washington. At all material times, plaintiff was a Jones Act seaman employed by defendant, THE DUTRA GROUP, INC. At all material times hereto, plaintiff was employed in service of the M/V ELBERT LEWEY, a push boat, and plaintiff was a member of said vessel's crew. At all material times, the M/V ELBERT LEWEY was owned, operated and/or controlled by defendants, NOVA GROUP, INC. and/or THE DUTRA GROUP, INC., and said vessel was in navigable waters near Silverdale, Washington.

## IV. FIRST CAUSE OF ACTION FOR NEGLIGENCE

11. On or about November 25, 2015, defendants, SKANSKA INC., SKANSKA USA INC., NOVA GROUP, INC., and THE DUTRA GROUP, INC., were negligent, and said negligence was a proximate cause of plaintiff's injuries. At all relevant times, it was feasible for defendants to provide to plaintiff, and defendants owed to plaintiff, duties of care to provide, inter alia, a safe place to work. Plaintiff further contends that on the occasion in question, defendants, acting through their officers, agents, servants, and/or employees, were careless and negligent in the following respects:

    a. Failing to provide a safe place to work;

    b. Ordering plaintiff to move barges in unreasonably dangerous weather conditions;

      c.      Failing to provide sufficient equipment and/or manpower to execute the task at hand;

      d.      Failing to properly train and supervise the crew for the task at hand;

      e.      Other acts of negligence as proven at time of trial.

12.    On said date, and as a direct and proximate result of the negligent acts of defendants, plaintiff sustained severe and debilitating injuries to his back and other parts of his body. Plaintiff prays leave to amend his complaint when the full extent of his injuries and disabilities is ascertained. Said occurrence and said injuries occurred as a proximate result, in whole or in part, of the initial acts and/or negligence or lack of attention, on the part of some or all named defendants, their agents, servants, and/or employees, acting in the course and scope of their employment and agency.

## V. SECOND CAUSE OF ACTION FOR UNSEAWORTHINESS

13.    At all material times hereto, defendant, NOVA GROUP, INC., and/or defendant, THE DUTRA GROUP, INC, owned, operated, and/or controlled the M/V ELBERT LEWEY. At all material times, it was feasible for defendants to provide to plaintiff, and said defendants owned to plaintiff, duties to provide a vessel seaworthy in all respects, including but not limited to its hull, engines, apparel, appurtenances, equipment, furnishings, fixtures and complement. Defendants, NOVA GROUP, INC., and/or THE DUTRA GROUP, INC., breached said duty of care by failing to provide any and/or all of these particulars or others as may be disclosed upon discovery hereafter.

14.    On or about November 25, 2015, defendant, NOVA GROUP, INC., and/or defendant, THE DUTRA GROUP, INC., was careless and negligent in breaching the above duties of care, and the vessel was unseaworthy in the following particulars:

4

      a.      The vessel was short-handed;

      b.      The vessel lacked the adequate strength and capabilities to move barges in adverse weather conditions; and,

      c.      Other unseaworthy conditions as proven at time of trial.

15. Said breaches of duty proximately contributed, in whole or in part, to cause plaintiff to suffer the hereafter complained of injuries for which defendant, NOVA GROUP, INC., and/or defendant, THE DUTRA GROUP, INC., is liable to plaintiff in damages.

## VI. THIRD CAUSE OF ACTION FOR MAINTENANCE AND CURE

16. On or about November 25, 2015, and on other dates thereafter, and ever since, defendant, THE DUTRA GROUP, INC., wrongfully failed and/or refused to provide maintenance and cure to plaintiff in breach of duties said defendant owes to plaintiff. Plaintiff further alleges that it was, and still is, the duty of said defendant, as his employer, to furnish him with maintenance and cure and loss of wages. Plaintiff further alleges that defendant, THE DUTRA GROUP, INC., has unreasonably, arbitrarily, willfully and capriciously refused to pay maintenance to him and such sums were due and owing. Plaintiff further alleges that said defendant has further unreasonably, arbitrarily, willfully and capriciously refused to provide him with medical cure. As a result of said Defendant's unreasonable failure to provide maintenance and cure, plaintiff is entitled to recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of injuries; pain and suffering and additional expenses.

17. Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, he has found it necessary to engage attorneys to represent him in the maintenance and cure action that he is entitled to and brings a suit for the reasonable attorney's fees incurred in the

collection of the maintenance and cure benefits due to him. Therefore, for the aforementioned reasons, plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other and further sums as the Court and/or Jury may find reasonable at the time of trial of this cause.

18. By reason of the foregoing premises and as a legal result thereof, plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant, THE DUTRA GROUP, INC., is liable to plaintiff:

   a. Maintenance and Cure benefits accrued to date of trial and for a reasonable time in the future, as may be found necessary;

   b. Physical and emotional injury, pain and suffering;

   c. Prolongation and or aggravation of injuries;

   d. Indebtedness for health care expenses;

   e. Indebtedness for daily living expenses;

   f. Prejudgment interest; and,

   g. Attorneys' fees.

All said injuries and damages in an extent, not now precisely known in excess of $250,000.00.

## VII. DAMAGES

19. As a direct and proximate result of the occurrence alleged, plaintiff sustained severe and painful injuries to his body and mind, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause great physical and emotional pain and

suffering. In connection therewith, plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date. Plaintiff is informed and believes and alleges that, in all reasonable probability, some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial. Moreover, plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries. By reason of the foregoing, plaintiff would show that he has been damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

20. By reason of the foregoing premises and as a legal result thereof, plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which defendants, SKANSKA INC., SKANSKA USA INC., NOVA GROUP, INC., and THE DUTRA GROUP, INC., are all jointly and severally liable to Plaintiff:

  a. Reasonable and necessary medical expenses in the past and in the future;

  b. Physical pain and suffering in the past and in the future;

  c. Mental anguish in the past and in the future;

  d. Loss of earning capacity in the past and in the future;

  e. Physical disfigurement in the past and in the future; and,

  f. Physical impairment in the past and in the future.

All said injuries and damages in an extent, not now precisely known, in excess of $1,000,000.00.

## VIII. JURY DEMAND

21. Plaintiff hereby demands a trial by jury.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, JAMES W. ROCKOM, prays that defendants, SKANSKA INC., SKANSKA USA INC., NOVA GROUP, INC., and THE DUTRA GROUP, INC., be cited to appear and answer herein in a form and manner prescribed by law, and after jury trial of the merits of this cause, plaintiff have judgment against defendants, jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest at the maximum legal rates, all costs of Court, and all such other and further relief, be it general or special, at law or in equity, to which plaintiff may show himself justly entitled.

Respectfully submitted,

SCHECHTER, MCELWEE, SHAFFER & HARRIS, L.L.P.

*/s/Matthew D. Shaffer*
MATTHEW D. SHAFFER
TBA # 18085600
FED I.D. #: 8877
3200 Travis, 3rd Floor
Houston, Texas 77006
TEL: (713) 524-3500
FAX: (713) 751-0412
ATTORNEYS FOR PLAINTIFF

PLAINTIFF DEMANDS A TRIAL BY JURY

8